UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE CESAR VILCHES MORA, OKECHUKWU MBAMA, and JASON VAN HORN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION, a Minnesota corporation, and DOES 1 through 125, Inclusive,<br><br>    Defendants. | Case No. 07cv719 MMA (WMc)<br>Case No. 08cv513 MMA (WMc)<br>Case No. 08cv1787 MMA (WMc)<br><br>**ORDER: (1) GRANTING DEFENDANT'S MOTION FOR ENFORCEMENT OF PROTECTIVE ORDER [ DOC. NO. 113.]**<br><br>**(2) DENYING PLAINTIFF'S APPLICATION TO LIFT PROTECTIVE ORDER [DOC. NO. 117]**<br><br>**(3) DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY [DOC. NO. 123]; and**<br><br>**(4) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS AGAINST RICHARD QUINTILONE, ESQ.** |

     On November 17, 2010, the Court held oral argument in the above-entitled case. Richard Quintilone, Esq., appeared for Plaintiff Jason Van Horn. Jeffrey D. Wohl, Esq., appeared for Defendant Target Corporation. The hearing was placed on the record. **Accordingly, all oral rulings made at the November 17, 2010 hearing** *are hereby incorporated fully herein.*

     In addition, after hearing from counsel of record, the Court herein addresses one remaining issue: whether the Court should impose a monetary sanction against Plaintiffs' counsel in favor of Defendant Target pursuant to Fed. R. Civ. P. 37(b). Mr. Quintilone represents plaintiffs in a class action currently pending in the Central District of California entitled *Diaz v. Target, 10-cv-1103* AG

("Central District Action"). In the Central District Action, Mr. Quintilone used an expert report obtained in the instant case which used and relied upon confidential information the *Mora* plaintiffs received from defendant Target under a Protective Order in *Mora*. Target contends Mr. Quintilone's use of that expert report violated the Protective Order in *Mora.* Target requests sanctions in the form of attorney fees of approximately $25,000.

Rule 37(b) authorizes a district court to impose a wide range of sanctions if a party fails to comply with a discovery order, including a protective order. *U.S. v. Nat'l Med. Enters., Inc.,* 792 F.2d 906, 910 (9th Cir. 1986). A district court has broad discretion in deciding whether to impose sanctions pursuant to Rule 37. *Lew v. Kona Hosp.,* 754 F.2d 1420, 1425-26 (9th Cir. 1985). Local rule 83.1 states in pertinent part: "[F]ailure of counsel or any party to comply with these Rules, with the Federal Rules of Civil...Procedure may be grounds for imposition by the court, of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any action, entry of default, finding of contempt, imposition of monetary sanctions or attorney's fees and costs, and other lesser sanctions." Obviously, under the statute sanctions do not have to take the form of an award of attorneys fees to the non-offending attorney. Rather, monetary sanctions can be issued separate and apart from attorneys' fees. When a monetary sanction is appropriate, the amount of the sanction award must be reasonable. *Matter of Yagman,* 796 F.2d 1165, 1184 (9th Cir. 1986). The Court must make some evaluation of the fee breakdown submitted by counsel to determine not the actual fees and expenses incurred, but what amount of fees and expenses are reasonable. *Id.* at 1185. Additionally, the Court should consider the sanctioned party's ability to pay to determine the award's reasonableness. *Id.* However, the sanctioned party has the burden to produce evidence of inability to pay. *Gaskell v. Weir,* 10 F.3d 626, 629 (9th Cir. 1993). Failure to present such evidence or raise the issue waives the sanctioned party's argument regarding inability to pay. *Fed. Election Comm'n v. Toledano,* 317 F.3d 939, 949 (9th Cir. 2002).

This Court finds some type of monetary sanction is appropriate for several reasons. First, Mr. Quintilone clearly disobeyed the Protective Order. He wrongfully used in the Central District Action the confidential information Target produced in *Mora* pursuant to a Protective Order. Mr.

Quintilone used in the Central District Action the same expert report he used in *Mora* which used and relied upon the confidential information Target produced in *Mora* pursuant to the Protective Order. Such usage violated the *Mora* Protective Order. Second, Mr. Quintilone did not have to violate the *Mora* Protective Order. He could have obtained the materials he needed in the Central District Action. Indeed, he did obtain the underlying material in the Central District Action. Unfortunately, Mr. Quintilone did not use that material appropriately or in a timely manner. Mr. Quintilone could have asked the court in the Central District Action for additional time to prepare a new expert report incorporating the new material obtained from Target. Or, he could have sought relief from this court for permission to use the same expert report relying upon the confidential information from *Mora before* he actually used or filed that expert report in the Central District Action. These are just two of the alternatives available to Mr. Quintilone, which he failed to pursue. Additional alternatives existed.

On November 17, 2010, Plaintiffs' attorney Richard Quintilone represented to the Court on the record in open court that he (1) has only $6,000 in his bank account, (2) is two months behind on his rent and/or mortgage payments, and (3) was unable to pay an employee, causing her to quit. Accordingly, it is appropriate for this Court to consider Mr. Quintilone's financial situation in determining an appropriate monetary sanction.

The court is influenced by some additional factors. First, Mr. Quintilone was contrite before the Court and made his arguments in a professional and respectful manner. Second, the Court's ruling on November 17, 2010 may have a substantial financial impact on Mr. Quintilone. Thus, there is less of a need for an additional, onerous financial penalty for Mr. Quintilone's failure to comply with the Protective Order in *Mora*. *Third*, under Federal Rule of Civil Procedure 37(b)(2)(C) the Court has authority to decline to award attorneys fees if "circumstances make an award of expenses[1] unjust." Such is the instant case. After taking into consideration the Court's November 17, 2010 ruling and Mr. Quintilone's financial condition, the Court exercises its

///

///

---

[1] Under Fed. R.Civ. P. 37(b)(2)(C) attorneys fees are considered "expenses".

1 | discretion to impose a monetary sanction; however, that sanction will *__not__* **be in the form of**
2 | **attorney fees**.  The Court imposes a **<u>monetary sanction in the amount of $500 to be paid by Mr.</u>**
3 | **<u>Quintilone to Target on or before December 10, 2011.</u>**
4 |         **IT IS SO ORDERED.**
5 | Dated: November 22, 2010

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court